UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BETTER WAY FORD, LLC, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 2:21-cv-00116-NT |
| | ) | |
| FORD MOTOR COMPANY, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTIONS TO SEAL**

Pursuant to a stipulated order in a related administrative proceeding, the parties

designated certain documents and other evidence as confidential.  Through two motions,

the parties ask the Court to determine whether some of the designated material may be

sealed in this matter. (Plaintiffs' Motion, ECF Nos. 46, 47;[1] Defendant's Motion, ECF No.

56.)  After consideration of the parties' arguments and following a review of the record,

the Court dismisses as moot Plaintiffs' motion and grants in part Defendant's motion.

**BACKGROUND**

Consistent with Maine statute, this matter was stayed pending conclusion of a

related proceeding before the Maine Motor Vehicle Franchise Board. (Order, ECF No. 8.)

During the administrative proceeding, the Board Chair endorsed the parties' Stipulated

Protective Order, which permitted the parties to designate "documents or information" to

be produced in discovery as "confidential" or "subject to protective order."  (Stipulated

Protective Order, ECF No. 51-1.)   Certain confidential information could also be

---

[1] Plaintiffs filed their motion in redacted form (ECF No. 46) and under seal (ECF No. 47).

designated as "highly confidential – attorneys only," attorney's eyes only," or "attorney only." The designation would govern the permissible use and dissemination of the information. The Stipulated Order outlined a process by which a party could object to another party's designation. The parties also agreed, and the Stipulated Order reflected, that the Order shall apply to documents produced in this action.

Following conclusion of the administrative proceeding, Plaintiffs filed an amended complaint. Because Plaintiffs referenced in the amended complaint certain administrative hearing testimony that Defendant had designated as confidential, Plaintiffs filed a redacted version of the amended complaint. (Amended Complaint, ECF No. 39.) Plaintiff also filed the amended complaint and the referenced testimony under seal. (ECF No. 40.) In accordance with the Court's Procedural Order (ECF No. 42), Plaintiffs subsequently moved to seal the complaint and the testimony. Plaintiffs, however, do not believe the Stipulated Order requires redaction and sealing. In response to the motion, Defendant contends that the designations made during the administrative proceeding apply to this action, but Defendant does not oppose the unsealing of the referenced testimony or the removal of the redactions in the amended complaint.

Defendant later moved to dismiss the amended complaint (ECF No. 50) and asked the Court to seal two exhibits to the motion: Exhibit A, Defendant's Sales and Service Agreement with a Ford dealership known as Casco Bay Ford (SSA Agreement), and Exhibit B, a letter of understanding from Defendant regarding Plaintiffs' proposed sale of the Casco Bay Ford dealership to a third party (the LOU). According to Defendant, Exhibit A contains personally identifying information, including equity interests in the dealership,

and Exhibit B contains confidential and proprietary business processes and procedures and commercial terms regarding Ford dealerships.

Plaintiffs oppose Defendant's motion to seal. They assert that to the extent Exhibit A consists of their personal information, they do not require or ask for the information to be sealed. In response to Plaintiffs' assertion, Defendant withdrew its seal request as to Exhibit A. (Reply at 3, ECF No. 63.) Plaintiffs contend the LOU should not be sealed as it was previously made available to individuals who are not party to the LOU and is relevant to the disputed issues in this matter.

## DISCUSSION

Defendant's response to Plaintiffs' motion renders the motion moot. Although Defendant has reserved its ability to argue for the seal of documents designated as protected under the Stipulated Order as it maintains that the designations in the administrative proceeding apply in this action, Defendant does not oppose the unsealing of the redacted portions of the amended complaint or Exhibit E to the amended complaint. The request to seal, therefore, is moot.

To the extent either of the parties seeks a general ruling regarding the scope of or applicability in this matter of the parties' obligations under the Stipulated Order, the Court declines to issue such a ruling. This is not a proceeding to interpret or enforce an order entered in the administrative proceeding. Furthermore, whether a document may be sealed is a separate issue from a party's designation of the document as confidential pursuant to an agreement or an order in this or another proceeding. The Court will adjudicate any discovery or sealing issues as they arise.

The Court recognizes, however, that during the administrative proceeding, the parties produced and generated a substantial amount of information that is relevant to and would likely have been produced in discovery in this action.  To limit future disagreement regarding the use of the information designated as confidential or protected in the administrative proceeding and in the interests of judicial economy, the Court will require each party to review the information to determine which information, if any, the party wishes to designate as confidential in accordance with the Confidentiality Order issued in this case.   The parties' use of the information will thereafter be governed by the Confidentiality Order.

Because Defendant has withdrawn its request to seal the SSA, the sole issue for the Court's determination on Defendant's motion to seal is whether the LOU should be sealed. Defendant filed the LOU with its motion to dismiss.

The First Circuit has acknowledged a presumption "of public access to judicial proceedings and records."  *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013). "Though the public's right to access is vibrant, it is not unfettered.   Important countervailing interests can, in given instances, overwhelm the usual presumption and defeat access."  *Id*. at 59 (quoting *Siedle v. Putnam Inv., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)).  A court must "carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case."  *Id*.

The LOU contains the terms that would govern Defendant's relationship with the prospective purchaser of the Casco Bay Ford dealership.  Defendant's proprietary and business interests in the terms of the LOU are valid.  Defendant's interest in protecting the

4

information from a competitive standpoint is understandable. A review of the parties'

motion to dismiss filings suggests that, while the fact that Defendant issued the LOU might

be relevant to the motion, the substantive terms of the LOU do not appear to be material to

the parties' arguments and thus to the Court's decision on the motion.

"In civil cases, interests which courts have found sufficient to justify impoundment

include trade secrets and confidential business information, information covered by a

recognized privilege." *Tourangeau v. Nappi Distributors*, No. 2:20-cv-00012-JAW, 2022

WL 768688, at *6 (D. Me. Mar. 12, 2022) (internal citations and quotation marks omitted).

"District courts may seal company records to prevent the records from becoming sources

of business information that might harm a litigant's competitive standing." *Id*. When

balancing the interests of the public to access judicial records and the interests of

Defendant, given that the substance of the LOU does not appear to be relevant to the motion

to dismiss and given Defendant's valid business and proprietary interests, the Court

concludes that the seal of the LOU is supportable and appropriate at this stage of the

proceedings.

## CONCLUSION

Based on the foregoing analysis, the Court orders:

1. Plaintiffs' motion to seal is dismissed as moot. The sealed amended complaint

   and Exhibit E (ECF Nos. 40, 40-1) shall be unsealed.[2]

---

[2] Plaintiffs' motion appeared to be directed to the redactions in the amended complaint and Exhibit E to the amended complaint, which exhibit consists of the hearing testimony that is the subject of the redactions. In its response to Plaintiffs' motion, Defendant also cited exhibit B to the motion as including testimony Defendant designated as protected in accordance with the Stipulated Order. (Defendant's Response at 5, ECF No. 51.) The portion of the hearing reflected in the exhibit does not appear to be an exhibit to the

2. Defendant's motion to seal (ECF No. 56) is granted in part:

   a. Defendant's request to seal the SSA is withdrawn. The SSA shall not be sealed. Within seven days of the date of this order, Defendant shall file on the public docket a copy of the SSA, as an attachment to the motion to dismiss.

   b. The LOU shall remain sealed subject to Plaintiffs' right to ask the Court to revisit the issue should the substantive terms of the LOU become relevant to future issues in the case.

3. Each party shall determine whether the party wants to designate as confidential in accordance with the Confidentiality Order in this case any of the documents designated as confidential or protected in the administrative proceeding. For any such documents, on or before January 5, 2024, each party shall notify the opposing party of the designation. The parties' use of the documents shall thereafter be governed by the Confidentiality Order.

### NOTICE

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

|  |  |
|---|---|
| Dated this 15th day of December, 2023. | /s/ John C. Nivison<br>U.S. Magistrate Judge |

---

amended complaint or subject of the redactions in the amended complaint. Accordingly, the Court does not address exhibit B to the motion to seal. As referenced above, Plaintiffs' motion appears on the docket in a redacted form and under seal. (*See* footnote 1.)  To avoid confusion and to avoid the inadvertent unsealing of information not directly addressed in Plaintiffs' motion to seal and this order, this order rules on the redacted motion (ECF No. 46).  The sealed motion (ECF No. 47) shall be dismissed as moot and remain sealed.